THE STATE v. SWEENEY, *Appellant.*

1.  **Practice, Criminal:** VERDICT.  In a prosecution for a felonious wounding, under Revised Statutes, section 1264, the verdict, "We, the jury, find the defendant guilty under the second count of the

indictment and assess the punishment at two years in the peniten-
tiary," is sufficient, where the second count properly charges an
offence under the statute.

2. **Practice**: ASSUMING FACT. Assuming a fact as an objection to
the action of the court, or alleging it as a ground for new trial, is
no evidence of that fact.

3. **Practice, Criminal**: APPOINTMENT OF PROSECUTOR: DISCRETION
OF COURT. Where the prosecuting attorney has been of counsel
for the defendant in any case which it has become his duty to
prosecute, it is the duty of the court to appoint some other person
to prosecute the cause. R. S., sec. 518. It is within the discre-
tion of the court as to whom it will appoint and whether one or
more, and unless its discretion has been abused to the prejudice of
the defendant, or in a manner affecting the merits of the cause,
the appellate court will not interfere.

*Appeal from Nodaway Circuit Court.*—HON. H. S.
KELLEY, Judge.

AFFIRMED.

*Frank Griffin* for appellant filed no brief.

*B. G. Boone*, Attorney General, for the state.

(1) The indictment contains two counts. The ap-
pellant was found guilty under the second count, which
is drawn under section 1264, Revised Statutes. *State
v. Vansant*, 71 Mo. 541. (2) The order permitting the
two attorneys to prosecute, in the absence of the prose-
cuting attorney was a sufficient compliance with section
518, Revised Statutes. It is not reversible error for the
trial court to permit attorneys, who have been specially
retained, to prosecute for the state, in the absence of the
prosecuting attorney. *State v. Griffin*, 87 Mo. 608.
(3) The verdict is in this form: "We, the jury, find
the defendant guilty under the second count of the in-
dictment, and assess the punishment at two years in the
penitentiary." This is almost a literal compliance with
the requirements of the law. R. S., sec. 1929; *State v.
Ray*, 53 Mo. 346.

BRACE, J.—At the March term, 1887, of the circuit court of Nodaway county, the defendant was tried and convicted of a felonious wounding under section 1264, Revised Statutes, 1879. The second count of the indictment under which he was convicted is sufficient, and properly charges an offence under the provisions of said section. The evidence in the case and the instructions of the court are not preserved. The statement in the bill of exceptions, in reference thereto, is, "that under said indictment a regular trial was had, evidence tending to establish the allegations therein, and the venue proved to the jury, and the cause submitted to the jury under proper instructions." The verdict is as follows : "We, the jury, find the defendant guilty under the second count of the indictment, and assess the punishment at two years in the penitentiary." It is contended that the verdict is insufficient and meaningless, in that it does not fix his (the defendant's) punishment ; that it assessed *the* punishment and not *his* punishment. This is a mere quibble unworthy of serious consideration. The verdict is good enough.

It is contended that the judgment in this case should be reversed, for the reason that the circuit court permitted W. W. Ramsey and L. M. Lane, Esq's., to prosecute for the state. The order of the court granting such permission and the objections of defendant thereto as they appear in the record, are as follows : "It appearing to the court that Wm. C. Ellison, prosecuting attorney, was of counsel for defendant, the Hons. W. W. Ramsey and L. M. Lane were permitted by the court to prosecute this cause. The defendant then and there, in open court, called the attention of the court to the fact that Messrs. Lane and Ramsey were employed by private parties to prosecute this cause, and defendant then and there, in open court, at the time of said entry, objected to the action of the court, which objection was by the

court overruled, to which ruling of the court the defendant then and there excepted and still excepts."

The defendant was indicted at the November term, 1886, of the Nodaway circuit court. At that time L. M. Lane was the prosecuting attorney for said county, prepared the indictment returned against the defendant, and appeared for the state in all the proceedings in the case had at that term. On application of the defendant, the cause was continued to the ensuing March term. In the meantime, Mr. Lane went out of office and Mr. Ellison became prosecuting attorney, and when the cause came on for trial at the March term, Mr. Ellison, having been counsel for the defendant, a case arose in which the court was called upon, under section 518, Revised Statutes, 1879, to appoint some person to prosecute *pro hac vice;* that section providing that "if the prosecuting attorney shall * * * have been employed as counsel in any case which it shall be his duty to prosecute. * * * the court may appoint some other person to prosecute." The permission to Messrs. Ramsey and Lane to prosecute was, in effect, an appointment to prosecute (*State v. Griffin,* 87 Mo. 608), and by virtue of that section, construed as required by section 3123, which provides that, when any subject-matter, party, or person is described or referred to by words importing the singular number several matters and persons shall be deemed to be included, the circuit court was invested with power to appoint one or more persons to prosecute in this case. It was suggested, in the objection made to the appointment of Messrs. Lane and Ramsey, that they had been employed to prosecute by private parties, and it was averred in the defendant's motion for a new trial that they admitted in open court that they had been, so employed ; but no such admission appears in the bill of exceptions, nor any evidence tending to prove that fact. Assuming a fact as an ob-

jection to the action of the court, or alleging it as a ground for a new trial, is no evidence of that fact.

In *State v. Griffin*, 87 Mo. 608, four attorneys, all probably retained by friends of the deceased, but of which there was no evidence in the record, were permitted to prosecute a defendant on a charge for murder. The court refused to hold such permission reversible error, although disapproving of such practice. Much less reason for so holding appears in the facts of the present case. It is within the discretion of the circuit court whom it will appoint to prosecute, and whether one or more, and there may arise cases in which the demands of justice may require the appointment of more than one attorney to prosecute for the state, and in any given case, unless there has been an evident abuse of that discretion prejudicial to the defendant, and affecting the merits of the cause, this court will not interfere.

The defendant in this case had a fair and legal trial, and the judgment of the circuit court is affirmed. All concur.