F. L. ARTHAUD, et al., Appellants, v. GRAND RIVER
DRAINAGE DISTRICT, et al., Respondents.

Kansas City Court of Appeals.   May 23, 1921.

1. **DRAINS: Statutes: Corporations: Drainage District is Public Corporation.** A drainage district organized under the Laws of 1913, pp. 232-267, is in no sense of the word a private corporation, but is a public governmental agency constituting one of the political subdivisions of the State.

2. ———: ———: **Contracts: Officers: An Employee not an Officer: District Held Authorized to Employ More than one Attorney.** A drainage district organized, under the Laws of 1913, pp. 232-267, is empowered to "employ" an attorney, who in view of sections 9, 13, 14, 18, 25, 38 and 48 of the act, is not an officer, but an employee, and a firm of lawyers may be employed to perform the duties required, and because a section of the act provides that the board shall employ an "attorney" it does not mean that the board is limited to the employment of one person, but the meaning is that the board may employ one or more, the singular in such case including the plural.

3. ———: **Contract: Validity: Public Policy: Offer of Member of Firm of Lawyers to Serve as Secretary of Drainage District without Compensation is not Void as Against Public Policy.** Where a drainage district organized under the Laws of 1913, pp. 232-267, by contract, employed a firm of lawyers to render legal services for the district, the same was not void as against public policy, and although under such contract, one member of the firm agreed to act as secretary of the district free of charge, such an agreement was likewise not against public policy, as the board of supervisors was vested with discretion in the matter which was lawfully exercised.

4. ———: ———: ———: **Attorney and Client: Contract Employing Attorneys Until the Completion of the Work, Held not Void nor Inconsistent with the Statute.** Where a contract of employment of the attorneys provided that they should be employed, "until the final completion of all improvements and construction work, and the final approval and acceptance thereof, by the chief engineer and board of supervisors of the district," it is *held*, such contract was not invalidated because section 48, of the Laws 1913, pp. 232-267, provided that the board of supervisors retain au-

thority to remove any officer, attorney or employee, appointed or employed by them, the contract and the statute not being inconsistent.

5. ——,——: ———: .———: ———: Contract with Attorneys not Invalid Because it Failed to Fix Exact Compensation They were to Receive for all Services Rendered. In view of section 27 of the Laws 1913, pp. 232-267, providing that in the contract for employment of attorneys the exact amount to be paid shall be fixed "as far as possible" a contract specifying a fixed salary for legal services rendered in the circuit court, only, is not void, as the legal services required in other courts cannot be foreseen with any definiteness.

6. ———: Quo Warranto: Title to Office: Quo Warranto Proper Remedy to Restrain One Unlawfully Acting as Treasurer of Drainage District. *Quo warranto* is the only method by which a person unlawfully acting as treasurer of drainage district, can be restrained, and a decision as to whether such treasurer can be lawfully paid his salary, involves the question of his title to the office.

Appeal from the Circuit Court of Livingston County.— *Hon. J. A. Cooley,* Special Judge.

AFFIRMED.

*Arthaud & Arthaud* for appellants.

*Paul D. Kitt* and *Schmitz & Marshall* for respondents.

BLAND, J.—This is a suit brought by a number of landowners and tax payers of the Grand River Drainage District against the district, members of its board of supervisors, J. D. Eicher, its treasurer, John L. Schmitz, its secretary, Elton L. Marshall and Schmitz & Marshall, its attorneys, to restrain said district and its board of supervisors from paying out any money under a contract had between them and its attorneys, Schmitz & Marshall; to declare said contract void; to restrain John L. Schmitz from acting as secretary and J. D. Eicher from acting as treasurer of said district; and to restrain said board from employing John L. Schmitz and Elton L. Marshall

and Schmitz & Marshall as attorneys for said district. The trial resulted in a judgment for defendants and plaintiffs have appealed.

The Grand River Drainage District, comprising 72,-000 acres of land in Livingston and Lynn counties, was organized under the provisions of the Laws of Missouri (Laws of 1913, pp. 232-267). The board of supervisors of the district was elected in April, 1919, and on April 26, 1919, appointed defendant John L. Schmitz to the office of secretary. He is a lawyer and a member of the firm of Schmitz & Marshall, defendants. This firm assisted the petitioners and acted as attorneys in obtaining the decree incorporating the district. The board of supervisors, after their election, made an extensive investigation as to what compensation should be paid its attorney to be employed, ascertaining what other districts were paying their attorneys and interviewing several lawyers to find out what they would charge to act as attorney and to act as both attorney and secretary. The board found one lawyer who agreed to act as attorney and secretary for $2500 per year; another, who agreed to act as attorney only for $1,000 a year. It investigated as to how much a secretary should be paid and found that in all probability a secretary, who was also an accurate typist, could not be employed for $100 per month.

After thoroughly considering the situation, and in view of the fact that Schmitz & Marshall were thoroughly familiar with the case having started with it from the beginning and having given satisfaction, the board decided that it was to the best interest of the district that they accept Schmitz & Marshall's proposition to do the legal work for $3,000 per year, Schmitz to act as secretary without salary. On June 25, 1919, it entered into a written contract with Schmitz & Marshall and John L. Schmitz employing them as attorneys for the district "until the final completion of all the improvements and construction work and the approval and acceptance thereof by the chief engineer and the board of supervisors of said district." The contract recites that "for the compen-

sation herein stipulated'' the attorneys were to perform ''all legal services for said district in and through the circuit court only, and are employed to represent said district in any proceeding affecting the same in any other court or tribunal and are to be paid in addition to the compensation herein stipulated, a reasonable compensation therefor.'' It was also agreed that if the boundary line of the district be extended the attorneys were to be paid an additional compensation of twenty-five cents per acre ''to be paid when the final decree including such land in the district, is granted.'' The contract also recites, that in consideration of the employment of said attorneys ''for the time and compensation and upon the terms above stipulated, John L. Schmitz is selected and hereby employed as secretary of said drainage district and is to perform said services as secretary without compensation.'' The evidence shows that Schmitz qualified and acted as secretary but has never acted as treasurer; that Eicher was appointed and qualified as treasurer. Schmitz has never refused to act as treasurer but testified that he would assume the duties of that office if the court found that the law required it.

Plaintiffs' brief is not as clear as it might be in presenting their theory of the case, but, as we construe the brief, plaintiffs claim that they are entitled to have the district enjoined from paying out any money under the contract employing the attorneys, on the ground that there is no legal consideration for the contract and for this reason it is null and void and that plaintiffs have a right to restrain the making by the district of an unlawful appropriation of its funds. It is insisted in this connection that the positions of secretary, treasurer and attorney are public offices; that the persons holding such positions are not employees; that the law contemplates that these offices be separate except that of secretary and treasurer; that the attorney, being an officer, is head of the law department of the district and the position, being an office, could not be filled by more than one person. This contention makes it necessary for us to decide the

nature of the positions of secretary, treasurer and attorney, provided for in the Drainage Act.

In the first place the Act declares such drainage district to be "a public corporation of this State." [Sec. 4, p. 235, Laws of 1913.] There is no question but that such districts are in no sense private corporations but are public governmental agencies and constitute political subdivisions of the State. [Morrison v. Moery, 146 Mo. 543, 560; Land & Stock Co. v. Miller, 170 Mo. 240, 258.] Section 25, page 247, of the Drainage Act provides that the secretary of the board "shall hold the *office* of treasurer of such district;" that he shall receive all drainage taxes collected; that he shall receive a salary payable monthly to be fixed by the board of supervisors; that he may appoint, by and with the advice and consent of the board, one or more deputies; that he shall give bond conditioned that he will account for all moneys received by him. Section 27, p. 249, of the Drainage Act provides for the employment of an attorney and reads as follows:

"The board of supervisors within sixty days after organizing shall *employ* an attorney to act for the district and to advise said board. Such *employment* shall be evidenced by an agreement in writing, which, as far as possible, shall specify the exact amount to be paid to said attorney for all services and expenses. Such attorney shall conduct all legal proceedings and suits in court where the district is a party or interested, and shall in all legal matters advise the said board of supervisors, all officers, employees or agents of said district and board and generally look after and attend to all matters of a legal nature for said board and district. When the said board may deem it necessary, they may, by and with the advice of said attorney, and under the like terms and conditions as above set forth, *employ* another attorney or attorneys." (Italics ours.)

Section 48 provides that: "The board of supervisors may at any time remove any *officer*, attorney or other employee appointed or employed by said board."

The other regular employee of the board, outside of the assistants provided for, is the chief engineer, whom the Act provides, in section 9, p. 237 thereof, the board of supervisors shall "appoint."

A reading of the whole drainage act shows that the position of secretary is of some importance, dignity and independence. The duties required of him are very extensive and are something more than merely those to be designated by the board of supervisors. He may have a deputy. It is provided by the Act (sec. 13, p. 239) that meetings of the board shall be attended by the secretary or his deputy; that 'he shall furnish it with "a complete list of lands, all corporate and other property described in the articles of association or adjacent thereto that will be affected by carrying out and putting into force the plan for reclamation and the names of the owners of such property as were contained in the articles of association;" that he shall furnish the commissioners "a copy of 'the plan for reclamation,' with maps and profiles in his office." Section 14, p. 240, of the Act requires the secretary to accompany the commissioners while engaged in their duties; to perform all clerical work of the board and to prepare its report under the direction and supervision of the attorney of the district. Section 13, p. 241, provides that the secretary shall receive and transmit to the recorder of each county having lands in the district a certified copy of the court's decree and a copy of the commissioner's report as confirmed or amended by the court. Section 18, p. 243, provides that the secretary, as soon as the total tax is levied, shall prepare in the form of a well-bound book, a list, of all taxes levied, which shall be signed and certified to by the president and secretary and become a permanent record of the office of the secretary. There are other duties required of the secretary of importance. While the tenure of his office is not fixed and he may be removed at any time by the board of supervisors, we think that his duties are of equal importance and dignity to those of

the treasurer whose position is described in the Act, section 25, p. 247, as an *"office."* Section 38, p. 253, of the Act, provides that the board at the time of the "hiring or appointing" of any *"officer,* engineer, attorney or other employee" shall by resolution, except where otherwise provided, make provision for the compensation for work done. Section 48, p. 261, of the Act, providing for the removal of appointees, refers to *"officer,* attorney or other employee." We do not know of a position under the board that is raised to the dignity of an "office" and whose incumbent is an "officer" unless it be that of secretary. As before stated, Section 25, of the Act speaks of the position of treasurer as an "office." The position of secretary under this act carries with it duties of as great, if not greater, importance, dignity and independence as that of treasurer. We think that both the treasurer and secretary are public offices. [State ex rel. v. Shannon, 133 Mo. 139; 2 McQuillin on Municipal Corporations, p. 943.]

However, section 27, of the Act, in regard to the employment of an attorney does not use the word "office" but says that the board "shall *employ* an attorney" and "such *employment* shall be evidenced by an agreement in writing, which, as far as possible, shall specify the exact amount to be paid to said attorney for all services and expenses." The apparent meaning of this section is that the board shall make a contract with some attorney or attorneys for the doing of all the legal work of the district. Public officers are not usually employed by agreements in writing and their compensation is usually fixed at a certain amount for a given time, payable periodically. Section 27, of the Act, does not require this but evidently contemplates that an attorney be employed to carry on specific legal work upon a fixed fee to be paid therefor. From all we have said he is not a public officer and when this section says that the board shall "employ" an attorney it does not mean that the board is limited to one person. The meaning is that the board may employ one or more, the singular including the

plural. [State 'v. Sweeney, 93 Mo. 38, 41; Sec. 7054, R. S. 1919; Commonwealth v. Gabbert, 68 Kentucky, 438, 446.]

It is insisted that it is against public policy for the board to employ a firm of lawyers to do its legal work at $3,000 per year, and in consideration of their employment as attorney at that sum, a member of the firm should do the work of secretary free of charge; that the offer of Schmitz to do the work of secretary for nothing is in the nature of a bribe to the supervisors to induce them to employ his firm as attorneys; that the statute provides for the combined office of secretary and treasurer and that the office should be filled regardless of the terms of the employment of any other person or employee; that the taxpayers of the district are entitled to have the salary fixed for the secretary and treasurer separate and distinct from the payment of a fee to the attorneys of the board.

We think that there is no merit in this contention. The Drainage Act does not in express terms prohibit an agreement for the employment of attorneys, one of them to act as secretary and treasurer. No taxpayer or member of the board of supervisors was to receive any private gain by reason of such employment but the contract was apparently made for the best interests of the district. The Drainage Act shows that the work of the secretary would necessarily have to be overlooked and supervised by the attorney. With one of the attorneys acting as secretary much of the work of the two offices would de dispensed with and it is, therefore, a reasonable inference that by employing one of the attorneys as secretary, and this contract in effect employs persons to fill both positions for the stipulated sum of $3,000 per year, the work of those positions would be done at a less outlay and with greater proficiency than if the employment had been otherwise. There might be some question on the ground of propriety if the board undertook to arbitrarily employ a person to act both as attorney and secretary, for the reason that a

great many attorneys available might not desire to do the work of secretary, and to offer employment in such a manner would limit the amount of available legal talent and thus result in less competition for the legal work. The facts in this case show that the board of supervisors went into this matter very extensively before deciding upon the method of employment, and had offers submitted to them by attorneys who did not agree to do the secretary's work and by attorneys who agreed to do the work of both attorney and secretary. It finally decided that it would be better to employ attorneys one of whom would agree to do the work of secretary.

Many agreements have been declared to be void where they were founded upon pecuniary considerations to influence persons, boards, or officials in the matter of making appointments, or in the election of persons to boards or to public office. Such contracts have been declared void as against public policy although in the particular instance no injury to the public may have resulted. The facts in this case do not bring it within those. As before stated, the statute does not prevent the attorney from holding the offices of secretary and treasurer, and we do not see how such employment could have a tendency to injure the public interest or is not consistent with sound policy and good morals. The board was vested with a discretion in this matter and under the circumstances that discretion was not unlawfully exercised. [9 Cyc. 481, 482, 483.]

It is insisted that the contract is void for the reason that it provides that the attorneys should be employed "until the final completion of all improvements and construction work and the final approval and acceptance thereof by the chief engineer and board of supervisors of the district;" that this provision of the contract is inconsistent with section 48 of the Act, which provides that "the board of supervisors may at any time remove any officer, attorney or other employee appointed or employed by said board." We see no inconsistency between the terms of the contract and sec-

208 M A.—16

tion 48. The parties when they drew up the contract knew of section 48 of the Act and this section was as much a part of the contract as though it were expressly written therein. [9 Cyc. 582.] Reading the contract and section 48 together, the contract provides that the attorneys shall be employed for that length of time subject to the right of their removal at any time by the board. Whether that removal could be summarily or arbitrarily done or only upon charges and a trial, is not necessary for us to decide in this case. The attorneys took the chance of being removed, and the $3,000 that was stipulated that they should receive annually was not payable in advance but payable quarterly, each installment payable at the end of the quarter. Of course they, no doubt, acted upon the presumption that they would not be removed without cause even though the statute might permit their summary dismissal.

Section 27, of the Act, contemplates that the attorneys should be employed for a specified time or otherwise it would be difficult to specify the exact amount to be paid said attorneys for their services. No doubt, in view of section 25, of the Act, which provides that the secretary shall also be treasurer, Schmitz would be required to qualify and act as treasurer of the district. However, we are not concerned in this suit as to whether Schmitz is qualified and acting as such for the reason that such a consideration has nothing to do with the validity of the contract, as under its terms, reading it in connection with section 25, Schmitz is required to act as treasurer as well as secretary. The contract is valid and whether it is being carried out is not before us in this proceeding.

It is insisted that as Schmitz and Marshall in their contract agreed to "perform all legal services for said district in and through the circuit court *only*" for the consideration of $3,000, that the contract is void because the consideration for the work "in any other court or tribunal is not fixed," and it is also void because it does not provide that such attorneys shall advise the

board of supervisors and all of its officers, employees or agents, in all legal matters and in general to look after and attend to all legal matters of the board or district as provided by section 27 of the Act. A fair reading of the contract shows that it provides for all legal work mentioned in the Act and the compensation for such work is fixed except as to such *court* work as is excepted in fixing the compensation. The only court work included in the fixed compensation was that of the circuit court. The statute does not provide that the exact amount to be paid the attorneys for all services should be fixed but says it shall be fixed "as far as possible." The legal services to be performed in the circuit court are of a more or less definite character and the board saw fit to stipulate as to what compensation should be received therefor. The legal work required in other courts could not have been foreseen as definitely as that to be done in the circuit court. The board in the exercise of its discretion did not see fit to include in the compensation arranged services in any court except the circuit court, and we may not review this exercise of discretion on its part.

It is contended that if Schmitz is secretary by the provisions of section 25, of the Act, he is likewise treasurer and that Eicher is unlawfully acting as treasurer. Plaintiffs in this proceeding cannot have Eicher restrained from acting as treasurer of the district, for that could only be done by *quo warranto*. [State ex rel. v. May, 106 Mo. 488, 509; State ex rel. v. Gordon, 236 Mo. 142, 159.] A decision as to whether Eicher can lawfully be paid his salary involves the question of his title to the office. We might say in this connection that this case was transferred to the Supreme Court for the reason that we thought jurisdiction was in that court, but that court re-transferred the case here, stating in its mandate that "this court (Supreme Court) has no jurisdiction of the said cause."

The judgment is affirmed. All concur.