R. A. WALLER, as Mayor of Macon, Respondent, v. ROBERT JONES and JAMES E. ROBERTS, Appellants.*

Kansas City Court of Appeals.    May 26, 1924.

1. **PARTIES: Capacity to Sue: Demurrer: Objections to Right of Mayor to Bring Action in His Own Name for City Held Waived by Failure to File Special Demurrer.** Under section 1226, Revised Statutes 1919, objections against right of a mayor to bring injunction proceeding for city in his own name, were waived by defendants' failure to file a special demurrer.

2. **MUNICIPAL CORPORATIONS: Officers: Employees: In Absence of Charges, City Council Held Not to Have Right to Rescind Appointments.** Where a city council of city of third class, on recommendation of its fire committee, appointed on May 15, 1922, two persons as chief and assistant fire chief for a period of one year beginning June 6, 1922, and written contract of employment for such term was signed by the mayor and city clerk on behalf of the city, the city council on June 5, 1922, did not have the right, in the absence of charges against such appointees, to reconsider its former action by rescinding their appointment and employ others.

3. **INJUNCTION: Order of Injunction Held Not Too Broad.** Where injunction was obtained by mayor of a city to restrain former chief and assistant fire chief, who were in fact policemen of the city, from interfering with the equipment or employees of the fire department, and from loitering around the property where the fire-fighting equipment was kept and maintained, *held* not unauthorized as enjoining them as policemen from being in and about the fire headquarters when their duties as such officers rendered it expedient for them to be there and to restrain them only from exercising the right to be there as chief and assistant fire chief.

4. ————: **Quo Warranto: Defendants Held Not Such Appointive Officers as to be Removable Only by Quo Warranto.** Defendants claiming right to act as chief and assistant fire chief by reason of city council's reconsideration and rescission of prior appointment and of contract of employment of other appointees, their contention that injunction to prevent them from exercising their right to act as chief and assistant fire chief was not proper remedy as they were appointive officers, holding their positions under color of title and removable only by *quo warranto* proceedings *held* untenable as they were not such officers as to come within purview of a proceeding in *Quo Warranto*.

*Headnotes 1. Pleading, 31 Cyc., p. 737; 2. Municipal Corporations, 28 Cyc., p. 593; 3. Injunctions, 32 C. J., Section 645; 4. Injunctions, 32 C. J., Section 406.

Appeal from the Circuit Court of Macon County.—*Hon. Vernon L. Drain,* Judge.

AFFIRMED.

*Matthews & Jones* and *George N. Davis* for respondent.

*Lacy & Edwards* for appellant.

ARNOLD, J.—This is an injunction proceeding instituted by the Mayor of the City of Macon in the circuit court of Macon County, Mo., to restrain defendants from interfering with the equipment or employees of the fire department of said city and from loitering around the property where the fire-fighting equipment of the city was kept and maintained. A temporary restraining order was issued, defendants answered to the petition and filed a motion to dissolve the injunction, and thereafter on hearing before the court, the temporary injunction was made permanent. Defendants have appealed from said judgment.

The city of Macon is, and at the time of this action was, a city of the third class, its governing body consisting of a council of eight members, two being elected

from each of the four wards into which the city is divided. At the time the present controversy arose there was one vacancy in the council, leaving seven members of that body.

The defendants Jones and Roberts had served as fire chief and assistant fire chief for periods of eleven and six years respectively. The term of office was one year, beginning June 6th. The evidence shows that on April 10, 1922, the council met in adjourned session and the mayor, plaintiff herein, announced his list of committees, among which was the fire committee, composed of councilmen Maffrey, Grafford and Claus. At a meeting of the council on May 15, 1922, said Maffrey made a report for said committee, suggesting the appointment of Oscar Allen as fire chief and Ed Lunsford as assistant fire chief. The report was adopted by the council by a vote of 4 to 3, and thereafter on May 27th, a contract of employment was entered into whereby Allen and Lunsford were employed by the city to act as chief and assistant chief of the fire department for a period of one year beginning June 6, 1922, at salaries of $115 and $110 per month respectively. Said contract was signed by plaintiff as mayor and by W. H. Martin as city clerk, on behalf of the city, and by the said Allen and Lunsford.

The evidence further shows that at a meeting of the city council on June 5, 1922, at which the mayor presided, there was presented and read a petition signed by 301 citizens of the city of Macon, asking the council to reconsider its previous action and to employ Robert Jones and James Roberts, defendants herein, as heads of the fire department. On motion of Mr. Claus, member of the fire committee who previously had voted to employ Allen and Lunsford, a reconsideration of the vote was ordered by an affirmative vote of 4 to 3. Prior to the vote thereon, the motion was declared by the chairman to be out of order, on the ground that it was finished business. An appeal to the council from said ruling of the mayor was successful by a vote of 4 to 3. The mo-

tion to reconsider then was carried and by the terms of the original motion the defendants were employed as chief and assistant chief of the fire department for one year from June 6, 1922. The mayor then attempted by executive order to oust defendants and install Allen and Lunsford in their stead. Defendants refused to surrender their positions and the fire-fighting property of the city to Allen and Lunsford, and this suit followed.

The evidence shows that at the time of the service of the temporary restraining order, defendants were policemen of said city and had been duly appointed, qualified and acting in such capacity since July 5, 1921.

Appellants urge, first, that the petition fails to state a cause of action and therefore defendants' motion to dissolve the injunction should have been sustained. It is urged that Macon is a city of the third class and could act only through its mayor and city council, and that this action could not be maintained by the mayor in his own name. The city was not made a party plaintiff until after the issuance of the temporary restraining order and it then was made a party on motion of the city attorney.

In answer to this contention, plaintiff urges that any objections which might be urged against the right of plaintiff to bring this action in his own name were waived by defendants by their failure to file a special demurrer.

Section 1226, Revised Statutes 1919, provides: "The defendant may demur to the petition when it shall appear on the face thereof . . . that the plaintiff has not legal capacity to sue . . ." The petition herein shows on its face that the mayor was the only party plaintiff and to raise the question of his right to bring this action in his own name, defendants should have demurred to the petition. This they did not do, but included a clause in the answer to the effect that plaintiff was not the proper party plaintiff. This point also was attempted to be saved by objecting to the introduction of evidence on the ground that the petition shows on its face (1) that the court has no jurisdiction to hear and determine the cause; (2) that plaintiff has an adequate

remedy at law; (3) that plaintiff had no capacity to bring and maintain this suit. But this is not sufficient to save the point urged by defendants. There should have been a special demurrer, and failure to file one in time is fatal to defendant's contention.

The Supreme Court, in construing this section (1800, R. S. 1909), said in Crowl v. Am. Linseed Co., 255 Mo. 305, l. c. 327:

"It is fundamental that the misjoinder or non-joinder of parties and the incapacity of a party to sue, do not go to the merits of a case, and for that reason our Legislature, almost at the incipiency of our jurisprudence, enacted a statute providing, among other things, that 'the defendant may demur to the petition, when it shall appear upon the face thereof . . . that the plaintiff has not legal capacity to sue,' etc. This statute has been preserved practically without amendment from that time to this, and is now section 1800, Revised Statutes 1909.

"In compliance with the plain mandate of that statute this court, as well as the various courts of appeals, have repeatedly held that where the incapacity of a trustee, assignee, executor, administrator, curator, guardian or any public officer to sue, appears upon the face of the petition, it becomes the duty of the defendant if he wished to rely upon that point to raise the same by a special demurrer, and where such incapacity in fact existed, but not appearing upon the face of the petition, then it became the duty of the defendant to raise the point by answering, and that the failure to so do in either case waived the question, and it could not be taken advantage of after verdict."

Under this ruling and the authorities there cited, we must hold the defendants have waived this point.

The second point urged by appellants is that the action of the city attorney in attempting, by motion, to make the city a party plaintiff was a nullity. In view of our ruling on the first point, it will be unnecessary to discuss this question.

Points 3, 4 and 5 relate to the question of the proper remedy under the conditions disclosed by the record, defendants claiming that injunction is not the proper remedy; that the defendants being appointive officers, holding their positions under color of title, could be removed only by *quo warranto* proceedings. The record shows that plaintiff was basing the rights of Allen and Lunsford upon the action of the city council of May 15, 1922, wherein by a vote of 4 to 3, these men were named for the positions in question for the year beginning June 6, 1922. But defendants point to the fact, as shown by the record, that such action by the city council was reconsidered on June 5, 1922, and the defendants were named for said positions, and base their claim to the positions in question upon this action of the council.

There was introduced in evidence Ordinance No. 562 of the city of Macon of which sections 1 and 2 are as follows:

"1.   The fire department of this city shall consist of one chief, one electrician and six firemen.

"2.   At the first session of the city council after the city election, after the fire committee has been appointed, the fire committee shall appoint a chief and assistant chief, an electrician and six firemen, and said appointment shall be returned to the council subject to the confirmation of the city council. The said officers and each of them shall hold their office for a period of one year, unless removed for charges on the recommendation of the fire committee."

The record, then, presents this situation:  On May 15, 1922, on the recommendation of the fire committee, the city council appointed Allen and Lunsford as fire chief and assistant fire chief, respectively, for one year from June 6, 1922; (2) On May 27, 1922, pursuant to such recommendation and appointment, a written contract of employment was entered into between the mayor and city clerk, on behalf of the city, and Allen and Lunsford for themselves; (3) June 5, 1922, the city council in ses-

sion pursuant to a petition of citizens, on motion, rescinded its action of May 15th appointing Allen and Lunsford, and instead by a vote of 4 to 3, reemployed defendants herein as such chief and assistant fire chief, respectively, of said fire department. The record fails to show, and it is not alleged, that any charges were preferred against Allen and Lunsford. We think, under the circumstances, after the execution of the contract, the council did not have the right to reconsider its former action and employ Jones and Roberts for the year beginning June 6, 1922.

It is insisted by defendants that, being policemen, the court was without authority to enjoin them from loitering in and about the fire department. We do not interpret the order of the court as restraining defendants from being in and about the fire headquarters as police officers when their duties, as such officers, rendered it expedient for them to be there; but the order does restrain them from actively exercising the right to be there as chief and assistant, respectively, of the fire department.

As to the contention that injunction is not the proper remedy, it may be said that under the well-established rule, the defendants were really not such officers as to bring them within the purview of an action in *quo warranto*. [McQuillin on Munic. Corp., Vol. 2, p. 943.] This question is ably discussed and fully determined in the cases of Arthaud v. Drainage District, 208 Mo. App. 233; State ex rel. v. Shannon, 133 Mo. 139.

For the reasons herein stated, the judgment is affirmed.

All concur.